IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGIS INSURANCE COMPANY :
:
vs. : No. 10-3171
:
A.M. BEST COMPANY, INC. :
:

**MOTION OF DEFENDANT A.M. BEST COMPANY, INC. FOR AN ORDER
(1) BARRING PLAINTIFF FROM INTRODUCING THE TESTIMONY OF (A)
CLIFFORD HAINES, ESQ., (B) RICHARD DI LORETO, AND (C) SHARON RINALDO
OR RELATED DOCUMENTARY EVIDENCE REGARDING THE RATING MEETING
ON MAY 3, 2011; (2) BARRING PLAINTIFF FROM PRODUCING OR INTRODUCING
EXPERT TESTIMONY; AND (3) DIRECTING CERTAIN FACTS BE TAKEN AS
ESTABLISHED IN THIS ACTION**

Defendant A.M. Best Company, Inc. ("A.M. Best") hereby moves pursuant to E.D. Pa. Local R. Civ. P. 7.1(c) and the Court's Internal Policies and Procedures, for an Order (1) barring Regis Insurance Company ("plaintiff" or "Regis") from introducing the testimony of (a) Clifford Haines, Esq., (b) Richard Di Loreto, and (c) Sharon Rinaldo or related documentary evidence regarding the rating meeting on May 3, 2011, between them and certain A.M. Best employees; (2) barring plaintiff from serving an expert report or introducing expert testimony on its behalf; and (3) directing that the facts designated in Exhibit A attached hereto be taken as established for purposes of this action, and in support thereof avers as follows:

1. On June 30, 2010, plaintiff filed a Complaint against A.M. Best, asserting claims for tortious interference with contractual relations, tortious interference with prospective contractual relations, commercial disparagement, and defamation-libel, and seeking a declaratory judgment. *See* Dkt. # 1.

2. According to the Complaint, A.M. Best downgraded Regis' financial strength rating from a B+ to a B- in January 2010 because Regis' parent company, Tiber Holding

Corporation ("Tiber"), has a consent judgment entered against it in the amount of $25 million. However, Regis asserts, *inter alia*, the downgrade was arbitrary and unreasonable because the judgments against Tiber are over ten years old and cannot be enforced against Regis. Regis also alleges that it has suffered damages as a result of the downgrade. A.M. Best answered the complaint on August 31, 2010, and asserted affirmative defenses of, *inter alia*, First Amendment protection and estoppel. *See* Dkt. # 13.

A. **Plaintiff's Counsel Attends Rating Meeting with A.M. Best Employees on May 3, 2011 Without Notifying Counsel for A.M. Best.**

3. The action against A.M. Best notwithstanding, Regis requested that it be rated again by A.M. Best in 2011. *See* Certification of Stephanie R. Wolfe ("Wolfe Cert.") ¶ 3.

4. Regis and A.M. Best did not begin the annual rating process in late 2010, as would have been customary. In early January 2011 during the deposition of one of A.M. Best's employees, however, counsel for plaintiff, Clifford Haines, Esq., broached the possibility of renewing the rating process for Regis with counsel for A.M. Best, Michael K. Furey. Mr. Furey did not object, and Mr. Haines agreed with Mr. Furey's view that attorneys representing the parties in this action should take no part in any rating meeting or other aspect of a renewed rating process for Regis so that the process would not be tainted by this litigation. *See* Wolfe Cert. ¶ 3.

5. A two-person analytical team from A.M. Best different from the one that met with Regis in 2009 was appointed to perform the rating analysis and to make a recommendation to the Rating Committee for Regis. The rating analytical team consisted of an analyst, David Blades, and a team leader, Joseph Roethel. *See* Certification of Joseph Roethel ("Roethel Cert.") ¶ 3.

6. As part of the rating process, representatives of the insurance company met with the rating analytical team. This meeting with Regis took place on May 3, 2011. Roethel Cert. ¶¶ 4-5.

7. On May 10, it came to the attention of counsel for A.M. Best that representatives of Regis had met with the new analytical team members at A.M. Best to discuss the rating of Regis on May 3. Wolfe Cert. ¶ 4. Those representatives were Richard Di Loreto, President and CEO of Regis, Sharon Rinaldo, Controller of Regis, and Mr. Haines, counsel for Regis in this litigation. Roethel Cert. ¶ 5. Mr. Haines also participated in the discussion and took notes at the approximately two-hour meeting with A.M. Best employees, who did not have the benefit of counsel at the meeting. Roethel Cert. ¶¶ 6-7, 9. Among the topics of discussion were the effect of the 2010 downgrade of Regis by A.M. Best on Regis' premium income and A.M. Best's need to review the financial condition of Regis' holding company, Tiber Holding Corporation ("Tiber"). *Id.* ¶ 8. Mr. Haines explained to the A.M. Best employees why he believed Tiber's problems should not be considered by A.M. Best in rating Regis. *Id.*

8. Mr. Haines did not attempt to contact counsel for A.M. Best prior to attending and participating in the meeting on May 3. *See* Wolfe Cert. ¶ 4.

9. By letter dated May 12, 2011, counsel for A.M. Best wrote to Mr. Haines to express its concerns about his attendance at and participation in the May 3 meeting and to request that Mr. Haines advise A.M. Best's counsel of his basis for believing that he was entitled to attend and participate in the meeting without notifying counsel for A.M. Best in advance. *See* Wolfe Cert. ¶ 5 & Ex. 1.

10. A.M. Best's counsel has received no response to its letter. Wolfe Cert. ¶ 6.

**B. Plaintiff Fails To Serve An Expert Report In A Timely Manner And Refuses To Respond To The Inquiries of A.M. Best's Counsel.**

11. On October 1, 2010, the Court ordered that any motions for summary judgment or partial summary judgment should be filed by May 2, 2011 and the case would be placed on the Court's trial list for August 1, 2011. *See* Dkt. # 17. This Order did not specifically address the

3

deadlines for expert discovery.

12. On January 12, 2011, plaintiff's counsel wrote the Court, with A.M. Best's consent, a letter requesting a 45-day extension of various deadlines. The Modified Scheduling Order, which was proposed by plaintiff and entered on January 18, 2011, set a deadline of March 15, 2011 for plaintiff's expert report. The case was placed on the Court's trial list for September 19, 2011. *See* Dkt. # 21.

13. At Regis' request and with A.M. Best's consent, scheduling deadlines were extended again in February 2011. On February 24, the Court entered a revised scheduling order requiring that discovery be completed by April 15, 2011, and setting a due date of May 2, 2011 for plaintiff's expert report. *See* Dkt. # 23 ¶¶ a-b.

14. A.M. Best's counsel was led to believe by Regis' counsel during conversations prior to May 2 that it would serve an expert report by that date. *See* Wolfe Cert. ¶ 8.

15. Despite proposing and agreeing to two extensions of deadlines in this case, plaintiff did not serve an expert report by May 2. *See* Wolfe Cert. ¶ 9.

16. On May 6, counsel for A.M. Best inquired via email message as to the status of plaintiff's expert report. *See* Wolfe Cert. ¶ 10 & Ex. 2.

17. A.M. Best's counsel has received no response to its email message. *See* Wolfe Cert. ¶ 11.

18. By letter dated May 19, counsel for A.M. Best again inquired as to the status of Regis' expert report. Specifically, counsel inquired whether Regis intends to serve an expert report and, if so, when it expects to serve the report. *See* Wolfe Cert. ¶ 12 & Ex. 3.

19. A.M. Best's counsel has received no response to its letter. *See* Wolfe Cert. ¶ 13.

20. To date, Regis has not offered any explanation for why it has not yet served an

expert report. Nor has it sought an extension of time in which to do so. *See* Wolfe Cert. ¶ 14.

21. Pursuant to the revised scheduling Order, A.M. Best's expert report would be due June 2, and plaintiff's expert's rebuttal report would be due June 16. *See* Dkt. # 23 ¶¶ c-d. Plaintiff's delay and unresponsiveness has rendered adherence to this schedule impossible.

22. In view of the amount of time that has already passed and the intention of A.M. Best to file a motion for summary judgment, A.M. Best requests that plaintiff be barred from serving an expert report or presenting expert testimony in this case.

**C.  Plaintiff Fails to Comply with The Court's Order Granting A.M. Best's Motions to Compel.**

23. After Regis failed to respond in a timely manner to A.M. Best's second and third document demands, A.M. Best moved to compel discovery. *See* Dkt. #25.

24. Thereafter, Regis responded to the demands, but its deficient responses required A.M. Best to move to compel discovery once again. *See* Dkt. #26. Regis' response and the deficiencies in that response are set out in Exhibit G to A.M. Best's Second Motion to Compel Discovery. *See* Dkt. # 26-8, which is attached hereto as Exhibit B.

25. On May 16, this Court granted both of A.M. Best's motions. *See* Dkt. #29. The Court's Order required Regis to provide to A.M. Best "all available, requested documents no later than ten (10) days from the date of entry of this order" and "a detailed account to [A.M. Best] concerning any items that it is unable to produce" within the 10-day time frame.

26. Despite having previously admitted that it had a small number of documents, Regis has not produced any documents or a detailed account to A.M. Best by the Court's deadline of May 27. Wolfe Cert. ¶ 18.

27. As a result of Regis' failure to comply with the Court's May 16 Order, A.M. Best seeks an Order pursuant to Rule 37(b)(2)(A)(i) of the Federal Rules of Civil Procedure directing

that certain facts be taken as established. Indeed, given Regis' failure to produce any documents responsive to A.M. Best's second and third demands for documents and its failure to comply with the Court's Order, A.M. Best sets out the facts in Exhibit A it believes these documents would demonstrate, if produced. The requested relief is narrowly tailored to address Regis' discovery violations.

28.    Accordingly, A.M. Best respectfully requests that the Court enter an Order (1) barring Regis from introducing the testimony of (a) Clifford Haines, Esq., (b) Richard Di Loreto, and (c) Sharon Rinaldo or related documentary evidence regarding the rating meeting on May 3, 2011, with A.M. Best employees; (2) barring plaintiff from serving an expert report or introducing expert testimony in this case; and (3) directing that the facts designated in Exhibit A attached hereto be taken as established for purposes of this action, A.M. Best incorporates herein the enclosed memorandum of law.

WHEREFORE, defendant A.M. Best requests that the court enter an Order (1) barring Regis Insurance Company ("plaintiff" or "Regis") from introducing the testimony of (a) Clifford Haines, Esq., (b) Richard Di Loreto, and (c) Sharon Rinaldo or related documentary evidence regarding the rating meeting on May 3, 2011, between them and certain A.M. Best employees; (2) barring plaintiff from producing an expert report or introducing expert testimony in this case on plaintiff's behalf; and (3) directing that the facts designated in Exhibit A attached hereto be taken as established for purposes of this action.

BENNETT, BRICKLIN & SALTZBURG, LLC

BY: _____
LOUIS E. BRICKLIN, ESQUIRE
I.D. #20281
1601 Market Street, 16th Floor
Philadelphia, PA 19103-2393
(215) 561-4300
bricklin@bbs-law.com
Attorney for A.M. Best Company, Inc.

MICHAEL K. FUREY, ESQUIRE
STEPHANIE R. WOLFE, ESQUIRE
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
mfurey@riker.com
swolfe@riker.com
Attorneys for A.M. Best Company, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGIS INSURANCE COMPANY : | |
| : | |
| vs. : | No. 10-3171 |
| : | |
| A.M. BEST COMPANY, INC. : | |

MEMORANDUM OF LAW OF DEFENDANT A.M. BEST COMPANY, INC.
IN SUPPORT OF MOTION FOR AN ORDER (1) BARRING PLAINTIFF FROM
INTRODUCING THE TESTIMONY OF (A) CLIFFORD HAINES, ESQ., (B) RICHARD
DI LORETO, AND (C) SHARON RINALDO OR RELATED DOCUMENTARY
EVIDENCE REGARDING THE RATING MEETING ON MAY 3, 2011; (2) BARRING
PLAINTIFF FROM PRODUCING AN EXPERT REPORT OR INTRODUCING
EXPERT TESTIMONY; AND (3) DIRECTING CERTAIN FACTS BE TAKEN AS
ESTABLISHED IN THIS ACTION

A.M. Best Company, Inc. ("A.M. Best") submits this memorandum in support of its motion for an Order (1) barring Regis Insurance Company ("plaintiff" or "Regis") from introducing the testimony of (a) Clifford Haines, Esq., (b) Richard Di Loreto, and (c) Sharon Rinaldo or related documentary evidence regarding the rating meeting on May 3, 2011, between them and certain A.M. Best employees; (2) barring plaintiff from serving an expert report or introducing expert testimony on its behalf; and (3) directing that the facts designated in Exhibit A attached to A.M. Best's motion be taken as established for purposes of this action

I.   RELEVANT FACTS

On June 30, 2010, plaintiff filed a Complaint against A.M. Best, asserting claims for tortious interference with contractual relations, tortious interference with prospective contractual relations, commercial disparagement, and defamation-libel, and seeking a declaratory judgment. *See* Dkt. # 1. According to the Complaint, A.M. Best downgraded Regis' financial strength rating from a B+ to a B- in January 2010 because Regis' parent company, Tiber Holding

a

b

Corporation ("Tiber"), has a consent judgment entered against it in the amount of $25 million. However, Regis asserts, *inter alia*, the downgrade was arbitrary and unreasonable because the judgments against Tiber are over ten years old and cannot be enforced against Regis. Regis also alleges that it has suffered damages as a result of the downgrade. A.M. Best answered the complaint on August 31, 2010, and asserted affirmative defenses of, *inter alia*, First Amendment protection and estoppel. *See* Dkt. # 13.

### A.   Plaintiff's Litigation Counsel Attends A Rating Meeting With A.M. Best Employees On May 3, 2011 Without Notifying Counsel for A.M. Best.

The action against A.M. Best notwithstanding, Regis requested that it be rated again by A.M. Best in 2011. *See* Certification of Stephanie R. Wolfe ("Wolfe Cert.") ¶ 3. In early January 2011 during the deposition of one of A.M. Best's employees, counsel for plaintiff, Clifford Haines, Esq., broached with counsel for A.M. Best the possibility of renewing the rating process for Regis. *Id.* Mr. Haines agreed with A.M. Best's counsel's view that attorneys representing the parties in this action should take no part in any rating meeting or other aspect of a renewed rating process for Regis so that the process would not be tainted by this litigation. *Id.*

A two-person analytical team from A.M. Best different from the one that met with Regis in 2009 was appointed to perform the rating analysis and to make a recommendation to the Rating Committee for Regis. *See* Certification of Joseph Roethel ("Roethel Cert.") ¶ 3. The rating analytical team consisted of an analyst, David Blades, and a team leader, Joseph Roethel. *Id.* As part of the rating process, representatives of the insurance company met with the rating analytical team. This meeting with Regis took place on May 3, 2011. *Id.* ¶¶ 4-5.

On May 10, it came to the attention of counsel for A.M. Best that representatives of Regis had met with the new analytical team members at A.M. Best to discuss the rating of Regis on May 3. Wolfe Cert. ¶ 4. Those representatives were Richard Di Loreto, President and CEO

of Regis, Sharon Rinaldo, Controller of Regis, and Mr. Haines, litigation counsel for Regis in its action against A.M. Best. Roethel Cert. ¶ 5. Mr. Haines also participated in the discussion and took notes at the meeting with A.M. Best employees, who did not have the benefit of counsel at the meeting. Roethel Cert. ¶¶ 7-9. Among the topics of discussion were the effect of the 2010 downgrade of Regis by A.M. Best on Regis' premium income and A.M. Best's need to review the financial condition of Regis' holding company, Tiber Holding Corporation ("Tiber"). Roethel Cert. ¶ 8. Mr. Haines explained to the A.M. Best employees why he believed Tiber's problems should not be considered by A.M. Best in rating Regis. *Id.* Mr. Haines did not attempt to contact counsel for A.M. Best prior to attending and participating in the meeting on May 3. *See* Wolfe Cert. ¶ 4.

By letter dated May 12, 2011, counsel for A.M. Best wrote to Mr. Haines to express its concerns about his attendance at and participation in the May 3 meeting and to request that Mr. Haines advise A.M. Best's counsel of his basis for believing that he was entitled to attend and participate in the meeting without notifying counsel for A.M. Best in advance. *See* Wolfe Cert. ¶ 5 & Ex. 1. A.M. Best's counsel has received no response to its letter. *Id.* ¶ 6.

**B.   Plaintiff Fails To Serve An Expert Report In A Timely Manner And Refuses To Respond To Inquiries Of A.M. Best's Counsel.**

On October 1, 2010, the Court ordered that any motions for summary judgment or partial summary judgment should be filed by May 2, 2011 and the case would be placed on the Court's trial list for August 1, 2011. *See* Dkt. # 17. This Order did not specifically address the deadlines for expert discovery. On January 12, 2011, plaintiff's counsel wrote the Court, with A.M. Best's consent, a letter requesting a 45-day extension of various deadlines. The Modified Scheduling Order, which was proposed by plaintiff and entered on January 18, 2011, set a deadline of March 15, 2011 for plaintiff's expert report. The case was placed on the Court's trial list for September

3

19, 2011. *See* Dkt. # 21. At Regis' request and with A.M. Best's consent, scheduling deadlines were extended again in February 2011. On February 24, the Court entered a revised scheduling order requiring that discovery be completed by April 15, 2011, and setting a due date of May 2, 2011 for plaintiff's expert report. *See* Dkt. # 23 ¶¶ a-b.

A.M. Best's counsel was led to believe by Regis' counsel during conversations prior to May 2 that it would serve an expert report in accordance with the revised scheduling order. *See* Wolfe Cert. ¶ 8. Despite seeking and agreeing to two extensions of deadlines in this case, plaintiff did not serve an expert report on May 2. *See id.* ¶ 9. On May 6, counsel for A.M. Best inquired via email message as to the status of plaintiff's expert report. *See id.* ¶ 10 & Ex. 2. A.M. Best's counsel has received no response to its email message. *Id.* ¶ 11. By letter dated May 19, counsel for A.M. Best again inquired as to the status of Regis' expert report. Specifically, counsel inquired whether Regis intends to serve an expert report and, if so, when it expects to serve the report. *Id.* ¶ 12 & Ex. 3. A.M. Best's counsel has received no response to its letter. *Id.* ¶ 13. To date, Regis has not offered any explanation for why it has not yet served an expert report. *Id.* ¶ 14.

Pursuant to the revised scheduling Order, A.M. Best's expert report would be due June 2, and plaintiff's expert's rebuttal report would be due June 16. *See* Dkt. # 23 ¶¶ c-d. Plaintiff's delay and unresponsiveness has rendered adherence to this schedule impossible. In view of the amount of time that has already passed and the intention of A.M. Best to file a motion for summary judgment, A.M. Best requests that plaintiff be barred from serving an expert report or presenting expert testimony in this case.

C. **Plaintiff Defies This Court's May 16 Order Granting A.M. Best's Motions To Compel Discovery.**

After Regis failed to respond in a timely manner to A.M. Best's second and third

document demands, A.M. Best moved to compel discovery. *See* Dkt. #25. Thereafter, Regis responded to the demands, but its deficient responses required A.M. Best to move to compel discovery once again. *See* Dkt. #26. Regis' response and the deficiencies in that response are set out in Exhibit G to A.M. Best's Second Motion to Compel Discovery. See Dkt. # 26-8, which is attached as Exhibit B to this motion.

On May 16, this Court granted both of A.M. Best's motions to compel discovery. *See* Dkt. #29. The Court's Order required Regis to provide to A.M. Best "all available, requested documents no later than ten (10) days from the date of entry of this order" and "a detailed account to [A.M. Best] concerning any items that it is unable to produce" within the 10-day time frame. Despite having previously admitted that it had a small number of documents, Regis has not produced any documents or a detailed account to A.M. Best by the Court's deadline of May 27. Wolfe Cert. ¶ 17. As a result of Regis' failure to comply with the Court's May 16 Order, A.M. Best seeks an Order pursuant to Rule 37(b)(2)(A)(i) of the Federal Rules of Civil Procedure directing that certain facts be taken as established. Indeed, given Regis' failure to produce any documents responsive to A.M. Best's second and third demands for documents and its failure to comply with the Court's Order, A.M. Best requests narrowly tailored relief in the form of an Order directing that the facts set out in Exhibit A to its motion be taken as established. A.M. Best believes the requested documents would demonstrate these facts, if produced.

## II.     LEGAL ARGUMENT

**A.     The Court Should Bar Any Testimony or Documentary Evidence Produced By Regis Regarding The May 3 Meeting.**

Under the Pennsylvania Rules of Professional Conduct, a lawyer "shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is

5

authorized by law or the court to do so." 42 Pa. C.S.A. RPC 4.2. The rule was intended to forbid *ex parte* communications with employees whose acts or omissions could bind or impute liability to the organization. *McCarthy v. Southeastern Pennsylvania Transp. Auth.*, 772 A.2d 987 (Pa. Super. 2001); *see also University Patents, Inc. v. Kligman*, 737 F. Supp. 325, 329-330 (E.D. Pa. 1990) (precluding defendants from introducing any statements obtained through *ex parte* contacts and requiring defendants to produce those statements).

The members of the analytical team, who conduct a meeting with representatives of an insurance company that A.M. Best rates on company property, clearly qualify as employees entitled to protection from *ex parte* communication with opposing counsel. It would strain credulity for Regis to argue that these employees, by virtue of their status, should not be protected from the effect of making statements that "could impute liability to the company." *McCarthy v. Southeastern Pennsylvania Transp. Auth.*, 772 A.2d at 993. Indeed, Regis filed this lawsuit in large measure due to its perception that acts or omissions of the analytical team in place in late 2009 rendered A.M. Best liable. And, if given the opportunity, Regis would undoubtedly attempt to argue statements made by the members of the analytical team during the May 3 meeting were admissions. *See* Fed. R. Evid. 801(d)(2)(D). It is simply astonishing that Mr. Haines would be ignorant of the implications of his attendance and participation at that meeting with the new analytical team.

That Mr. Haines may have identified himself to the analytical team during the course of the meeting as an attorney for Regis and Mr. Di Loreto does not excuse his participation or his discussion of subjects at the heart of this litigation. Neither member of the analytical team is an attorney. Nor had they been prepared for the meeting by counsel for A.M. Best or understood they could or should have refused to continue the meeting as long as Mr. Haines participated.

Moreover, Rule 4.2 "applies even though the represented person initiates or consents to the communication. A lawyer must immediately terminate communication with a person if, after commencing communication, the lawyer learns that the person is one with whom communication is not permitted by this Rule." 42 Pa. C.S.A. RPC 4.2 cmt. 3. Mr. Haines should have done so here.

The proper remedial measure for a violation of the rule is an order precluding the attorney from introducing any information obtained through production of any statement obtained in the course of those contacts. *University Patents*, 737 F. Supp. at 330. In *University Patents*, the court found that rather than informing opposing counsel of his intent to talk with plaintiff's employees or seeking leave of court to do so, defendant's counsel imprudently proceeded with the interviews unilaterally without regard for the potential legal and ethical ramifications". *Id.* at 329. The District Court ordered that defendants would be precluded from using information obtained during *ex parte* contacts with persons affiliated with plaintiff (a) as officers, directors or managers; (b) whose acts or omissions could bind or impute liability to plaintiff; and (c) whose statements could be used as admissions in the litigation. *Id.* at 330. Similarly, any testimony by Mr. Haines, any alleged statements obtained by him from A.M. Best employees, and any documentary evidence regarding the meeting should be precluded from any consideration in this litigation.[1]

Moreover, it would be inappropriate to allow information about the May 3 meeting to be introduced through the testimony or notes of the other Regis participants at the meeting, Di Loreto and Rinaldo. Any statement obtained by Mr. Haines during the meeting should be precluded without regard to the method used to introduce the statement. To hold otherwise

---

[1] If Mr. Haines is permitted to testify, his notes are admissible, or Mr. Di Loreto and/or Ms. Rinaldo are permitted to testify, then Mr. Haines and his firm should be disqualified.

would permit an attorney to make an end run around Rule 4.2 simply by using a non-lawyer to do what the attorney is not permitted to do.

Moreover, as the litigation counsel for Regis, one can only assume that Mr. Haines has communicated and will continue to communicate his mental impressions and recollection of the meeting to his client and its representatives. Thus, any evidence Mr. Di Loreto or Ms. Rinaldo purport to be able to provide regarding the meeting would be tainted by Mr. Haines *ex parte* communication with the A.M. Best employees and should be precluded as well. Similarly, any documentary evidence, including notes and memoranda, should also be barred.

**B.     The Court Should Bar Regis from Producing An Expert Report or Introducing Expert Testimony.**

Plaintiff should be precluded from offering any expert reports or expert testimony, as a result of its failure to identify an expert or provide an expert report in a timely manner as required by this Court's scheduling Orders and the Federal Rules of Civil Procedure. The imposition of sanctions such as excluding the use of expert witness testimony for failure to comply with a rule of discovery is within the discretion of the Court. *Tran v. Baik*, 406 Fed. Appx. 661, 663 2011 WL 118212 (3d Cir. Jan. 14, 2011) (affirming magistrate judge's exclusion of expert report on motion to serve expert report and testimony out of time where plaintiff had missed discovery deadlines and delay imposed additional discovery costs on defendant); *see also Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215, 217, 2009 WL 2487066, at *1 (9th Cir. Aug. 14, 2009).

Rule 16 of the Federal Rules of Civil Procedure requires the District Court to establish a schedule to control the litigation, and, as occurred here, such a schedule may include a deadline for providing expert witness information in accordance with Rule 26(a)(2). Once the schedule is in place, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

16(b)(4).

Rule 26 requires parties to disclose the identity of any expert witness accompanied by a written report detailing the opinions the expert will express and the data on which he or she will rely, "unless otherwise stipulated or ordered by the court." Fed. R. Civ. P. 26(a)(2)(A)-(B). Rule 37(c)(1) gives teeth to this requirement by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *See Jarritos*, 345 Fed. Appx. at 217. Only if such failure is substantially justified or harmless may the party who fails to disclose use the information at trial. Fed. R. Civ. P. 37(c)(1); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (affirming district court's exclusion of expert witness' testimony even where party had disclosed identity of expert but provided a deficient report). Disruption to the schedule of the court and other parties or forcing the court and parties to devote considerable time and resources to addressing plaintiff's discovery deficiencies are not harmless. *See, e.g., In re TMI Litig.*, 193 F.3d 613, 721-22 (3d Cir. 1999); *Ciomber*, 527 F.3d at 643; *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). Although barring a party from introducing an expert report may be fatal to its entire cause of action or defense, such a discovery sanction can be appropriate. *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001); *Riley v. Littell Int'l, Inc.*, 187 F.3d 637, 1999 WL 486533, at *1-2 (6th Cir. July 1, 1999) (affirming district court's exclusion of late-tendered expert report).

In considering whether to admit evidence or testimony, courts in this Circuit consider (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or

other cases in the court; and (4) bad faith or willfulness in failing to comply with the court's order. *Tran*, 406 Fed. Appx. at 663-64. At this late juncture, an analysis of these factors weighs heavily in favor of A.M. Best.

Like the plaintiff in *Tran*, Regis has already missed discovery deadlines by failing to respond to A.M. Best's second and third demands for documents. When it finally responded, its responses were vague and inadequate. Such behavior required A.M. Best to file two motions to compel discovery, both of which this Court granted on May 16. *See* Dkt. #29. To date, Regis has made no effort to comply with the Court's Order granting these motions.

Allowing Regis to persist in a pattern of late compliance with discovery obligations will only saddle A.M. Best with additional costs to object when Regis does ultimately attempt to file a report, and, as a result, waste this Court's resources. The resulting prejudice to A.M. Best cannot easily be cured, as Regis' past conduct strongly suggests that it will only persist in flouting its obligations to comply with the revised scheduling Order if allowed to do so here. Moreover, A.M. Best is entitled to know before it files its motion for summary judgment what evidence and arguments plaintiff intends to make to support its claims. Finally, there is little support for the idea that Regis is not acting willfully or in bad faith here as it has not responded to repeated inquiries by counsel for A.M. Best as to the status of its expert report. If plaintiff does not intend to serve a report, one would assume it would be easy enough to say so. Similarly, if Regis requires more time in order to finalize an expert report, it has proven itself more than capable of seeking additional time. Indeed, Regis has already been provided with an additional 48 days to produce its expert report. *See* Dkt. # 21 & # 23. There is no reason not to believe Regis will serve an expert report out of time either just before or even after A.M. Best files a motion for summary judgment, and A.M. Best respectfully requests that the Court bar

Regis from doing so.

### C. The Court Should Direct That Certain Facts Be Taken as Established In Light of Plaintiff's Failure to Comply with the Court's May 16 Order.

As set out in greater detail in Exhibit A to its motion, A.M. Best seeks an Order directing that certain facts be taken as established for purposes of this action given Regis' blatant disregard of its obligations to respond thoroughly and completely to A.M. Best's document requests, and, even more shockingly, its disregard of the Court's May 16 Order requiring Regis to provide to A.M. Best with "all available, requested documents no later than ten (10) days from the date of entry of this order" and "a detailed account to [A.M. Best] concerning any items that it is unable to produce" within the 10-day time frame. As Regis has neither produced documents nor a detailed account, it can only be assumed that the responsive documents, were they produced by Regis, would establish the facts A.M. Best sets out in Exhibit A.

Directing that facts be taken as established has long been considered a just sanction for discovery violations such as that committed by Regis. As Rule 37 makes clear:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims.

Fed. R. Civ. P. 37(b)(2)(A)(i); *see also Bowers v. Nat'l Collegiate Athletic Assoc.*, 475 F.3d 524, 538-40 (3d Cir. 2007); *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 885-86 (3d Cir. 1981); *Phil. Housing Auth. v. American Radiator & Standard Sanitary Corp.*, 50 F.R.D. 13, 19 (E.D. Pa. 1970). Moreover, the choice of an appropriate sanction is committed to the sound discretion of the District Court. *See DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974); *Bowers*, 475 F.3d at 538.

Under the facts presented in this case, A.M. Best's proposed sanction, one narrowly tailored to address the discovery violations Regis has committed, would be just. Accordingly, the Court should direct that the facts as set out in Exhibit A of A.M. Best's motion are to be taken as established for purposes of this action.

## CONCLUSION

A.M. Best respectfully requests that the Court enter an Order (1) barring Regis from introducing the testimony of (a) Clifford Haines, Esq., (b) Richard Di Loreto, and (c) Sharon Rinaldo or related documentary evidence regarding the rating meeting on May 3, 2011, between them and certain A.M. Best employees; (2) barring plaintiff from serving an expert report or introducing expert testimony on its behalf; and (3) directing that the facts designated in Exhibit A attached to A.M. Best's motion be taken as established for purposes of this action

Respectfully submitted,

BENNETT, BRICKLIN & SALTZBURG, LLC

BY: _____
LOUIS E. BRICKLIN, ESQUIRE
I.D. #20281
1601 Market Street, 16th Floor
Philadelphia, PA 19103-2393
(215) 561-4300
bricklin@bbs-law.com
Attorney for A.M. Best Company, Inc.

MICHAEL K. FUREY, ESQUIRE
STEPHANIE R. WOLFE, ESQUIRE
Riker, Danzig, Scherer, Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
mfurey@riker.com
swolfe@riker.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGIS INSURANCE COMPANY :
:
vs. : No. 10-3171
:
A.M. BEST COMPANY, INC. :
:

## CERTIFICATE OF SERVICE

I, Louis E. Bricklin, certify that on June 13, 2011, I filed the foregoing motion for an Order (1) barring Regis Insurance Company ("plaintiff" or "Regis") from introducing the testimony of (a) Clifford Haines, Esq., (b) Richard Di Loreto, and (c) Sharon Rinaldo or related documentary evidence regarding the rating meeting on May 3, 2011, between them and certain A.M. Best employees; (2) barring plaintiff from serving an expert report or introducing expert testimony on its behalf; and (3) directing that the facts designated in Exhibit A attached to A.M. Best's motion be taken as established for purposes of this action via the Court's ECF system, which electronically served it upon all counsel of record addressed to:

    Clifford E. Haines, Esquire
    Kathleen A. Milsark, Esquire
    Danielle M. Weiss, Esquire
    Haines & Associates
    1835 Market Street
    Suite 2420
    Philadelphia, PA 19103

    BENNETT, BRICKLIN & SALTZBURG LLC

    BY: _____
    LOUIS E. BRICKLIN, ESQUIRE
    I.D. #20281
    Bennett, Bricklin & Saltzburg, LLC
    1601 Market Street, 16th Floor
    Philadelphia, PA 19103-2393
    (215) 561-4300
    bricklin@bbs-law.com
    Attorney for A.M. Best Company, Inc.

Dated: June 13, 2011