## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGIS INSURANCE COMPANY,       :

             *Plaintiff,*      :

       vs.               :

                       :

A.M. BEST COMPANY, INC.,        :

            *Defendant.*     :

C.A. No.: 10-3171

### ORDER

AND NOW, this          day of                    , 2011, upon consideration of Motion of Defendant A.M. Best Company, Inc. for an Order (1) Barring Plaintiff From Introducing the Testimony of (A) Clifford Haines, Esq., (B) Richard Di Loreto, and (C) Sharon Rinaldo or Related Documentary Evidence Regarding the Rating Meeting on May 3, 2011; (2) Barring Plaintiff From Producing or Introducing Expert Testimony; and (3) Directing Certain Facts Be Taken As Established in This Action, and plaintiff's response, it is hereby ORDERED that the motion is DENIED.  It is further Ordered that Plaintiff may produce an expert report within 10 days or else may suffer sanctions.

BY THE COURT:

_____

PETRESE B. TUCKER, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGIS INSURANCE COMPANY,         :

                           :        C.A. No.: 10-3171

         *Plaintiff,*        :

    vs.                    :

                           :

A.M. BEST COMPANY, INC.,       :

                           :

         *Defendant.*     :

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S MOTION FOR AN ORDER (1) BARRING PLAINTIFF FROM INTRODUCING TESTIMONY OF (A) CLIFFORD HAINES, ESQUIRE, (B) RICHARD DI LORETO, AND (C) SHARON RINALDO OR RELATED TO DOCUMENTARY EVIDENCE REGARDING THE RATING MEETING ON MAY 3, 2011; (2) BARRING PLAINTIFF FROM PRODUCING EXPERT REPORT OR INTRODUCING EXPERT TESTIMONY; AND (3) DIRECTING CERTAIN FACTS TO BE TAKEN AS ESTABLISHED IN THIS ACTION

Plaintiff, Regis Insurance Company, by and through its undersigned counsel, hereby responds to Defendant's Motion for an Order (1) Barring Plaintiff from Introducing Testimony of (A) Clifford Haines, Esquire, (B) Richard Di Loreto, and (C) Sharon Rinaldo or Related to Documentary Evidence Regarding the Rating Meeting on May 3, 2011; (2) Barring Plaintiff from Producing Expert Report or Introducing Expert Testimony; and (3) Directing Certain Facts to Be Taken As Established in this Action.

## I. Counterstatement of Relevant Facts

On June 30, 2010, Regis filed a Complaint against the defendant A.M. Best Company, Inc., asserting claims for tortious interference with contractual relations, tortious interference with prospective contractual relations, commercial disparagement and defamation, and seeking a declaratory judgment.

Regis is a small property and casualty insurance company based in Pennsylvania. Best is a credit rating agency specializing in the rating of insurance companies. For over 25 years, Regis

has been rated by Best. In January 2010, Best downgraded Regis from a rating of B+ (Good) to B- (Fair). Best issued a press release announcing the downgrade contemporaneously with the downgraded rating. As a result of this downgrade, Regis has been seriously harmed by loss of business. The likely effect of this downgrade will be that Regis will be forced out of business.

## II. ARGUMENT

Although Best has chosen not to label its motion as a motion for sanctions, effectively Best is asking this Court to impose three separate sanctions upon Regis. First, Best seeks an Order barring plaintiff from introducing evidence and testimony arising out of an ordinary course of business meeting that took place on May 3, 2011 between Regis and Best. But the requested Order is both premature and unnecessary, for Regis has no intention of using any information obtained through that meeting against Best in any way. Second, Best asks this Court to preclude any expert testimony on behalf of plaintiff because plaintiff's expert report is being produced late. But the lateness is justified under the circumstances because, despite the discovery deadline, scheduling issues have delayed completion of certain depositions upon which defendant's expert must rely, and Regis is committed to producing the report within 10 days of the Court's Order in any event. Best is not prejudiced by the brief delay, and the proposed Order is unwarranted. Third, Best seeks an Order directing certain facts to be taken as established in this action because Regis has failed to produce certain documents sought in Best's Second and Third Demands for Production of Documents. The requested sanction is not reasonable under the circumstances.

Whether to impose sanctions and the choice of sanctions is left to the sound discretion of this Court. *Bowers v. Nat'l Collegiate Athletic Assoc.,* 475 F.3d 524, 538 (3d Cir. 2007). Regis

requests an opportunity to present oral argument on these issues explaining why the Court should not exercise its discretion in Best's favor in this instance.

## A. Regis and Best had a Meeting in the Ordinary Course of Business

Regis has been in business for over 30 years.  It has been rated by Best in every year that it has been eligible to participate in Best's ratings process.  Regis asked to be rated for 2011 and met with Best on May 3, 2011, for the sole purpose of providing the information Best required so that Regis could be rated this year.  Regis' principals were accompanied by Regis' attorney, Clifford Haines, and they met with a Best analytic team.  This analytic team was composed of different people than the one that rated Regis for 2010 and that is responsible for the information that was published previously out of which this lawsuit arose.  Thus this rating meeting was held in the ordinary course of business, and was conducted completely separately and apart from this case.  It was not a covert fact-finding mission.

Moreover, the motion to preclude testimony and evidence pertaining to information obtained in the May 3, 2011 rating meeting is unnecessary because Regis has no intention of offering any testimony at the trial of this matter regarding information obtained at the meeting.[1] What happens as a result of the meeting is not relevant to this lawsuit and would not be admissible.  While Best's counsel did write Mr. Haines regarding his attendance at the meeting, counsel did not indicate an intent to file this motion.  Had Regis been so informed, this matter could have been resolved by agreement.  There is no basis on which to issue the proposed Order.

_____

[1]     Of course, to the extent that Best publishes anything defamatory or otherwise actionable regarding Regis in the *Best's Insurance Reports* or in any other publication or article, Regis reserves the right to enforce its rights with respect to any such publication.   Any such enforcement action would be based on the publication, however, and not on attendance at the rating meeting.

**B. Regis Should Not Be Precluded from Providing Expert Testimony**

Best asks this Court to preclude Regis from producing an expert report and to preclude

Regis from providing expert testimony in this case because Regis' expert report is overdue.

However, late production of the expert report does not result in any prejudice to Best.

Excluding expert testimony is a drastic measure that should be imposed only in extreme

situations. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir.

1977). The exclusion of critical evidence should not occur absent a showing of willful deception

or "flagrant disregard" of a court order by the proponent of the evidence. *Konstantopoulos v.*

*Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)(quoting *Dudley v. South Jersey Metal, Inc.*,

555 F.2d 96, 99 (3d Cir. 1977)).

The Third Circuit has listed four factors to consider in determining whether expert

testimony should be excluded: (1) the prejudice or surprise in fact of the party against whom the

excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3)

the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly

and efficient trial of the case or of other cases in the court; and (4) bad faith or willfulness in

failing to comply with the district court's order. *Meyers*, 559 F.2d at 904-05. The importance of

the testimony to be excluded is an additional factor that must be considered. *Id.* at 904;

*Konstantopoulos*, 112 F.3d at 719; see also *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d

Cir. 2000). While Best argues that these factors weigh heavily in its favor, the opposite is the

case. Simply put, there is no prejudice to Best from a brief delay.

First, Regis has not acted in bad faith, and certainly has not acted in "flagrant disregard"

of the Court's scheduling order. As Best is aware, despite the fact that the discovery deadline

has passed, there remains a deposition to be taken. The parties have agreed to take that

4

deposition outside of the discovery period, in part because of scheduling difficulties and in part because of unforeseen trial commitments of Regis' counsel. Regis had planned that its expert would be able to review that deposition when preparing his report.

Nevertheless, Regis is prepared to serve its expert report within ten days of the Court's order denying Best's motion. This will give Best ample time to review the report and depose Regis' expert in advance of the deadline for filing summary judgment motions. Thus, there is no prejudice to Best. See, *cf Bauder v. Phila., Bethlehem & New England R.R.*, 1998 U.S. Dist. LEXIS 14118 (E.D. Pa. Aug. 28, 1998) (no prejudice where party moving to exclude expert testimony had more than two months to prepare cross examination or to request more time in order to cure prejudice of delay in amendment to expert report prior to trial).

In seeking seeking to preclude Regis' expert, Best relies on *Tran v. Hae Yeon Baik*, 406 Fed. Appx. 661 (3d Cir. 2011). In that case, the trial precluded an expert from testifying. However, the plaintiff in that case had moved on multiple occasions to produce its expert report out of time. The prior requests had been granted and the plaintiff still failed to produce the report in accordance with any of the extension requests. That plaintiff also produced an expert report *after* the defendant moved for summary judgment. Here, because Regis had not anticipated Best's motion it has not asked the Court to extend the expert report deadline, and summary judgment motions are not yet due. Best's case is not analogous to the situation here. Best is not prejudiced by the late production of Regis' expert report.

Regis hereby requests a brief 10-day extension to provide the report of its expert. Regis has not acted in bad faith or flagrant disregard of a Court order, and Best would not be prejudiced. Regis should not be precluded from eliciting expert testimony at trial.

5

## C. The Court Should Not Find Facts as They Are Stated in Best's Motion

Best seeks an Order from this Court directing that certain facts be taken as established for purposes of this action as a sanction for Regis' delay in producing documents in connection with Best's Second and Third Demand for Production of Documents. Best argues that such an Order is an appropriate sanction because it is narrowly tailored to address the circumstances of this particular discovery delay. Best's motion should be denied.

This dispute arises out of responses to document requests, which involves providing the requested documents to the extent they exist and can be found. It does not arise out of the qualitatively different types of discovery provided by interrogatories, requests for admission, or deposition testimony. *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 222, fn. 19, (E.D. Pa. 2008) (comparing of Rule 33 and Rule 34 in the context of an alleged failure to provide an adequate 30(b)(6) witness). Those other types of discovery, unlike document production, seek facts that are to be verified by the party upon whom they are propounded. A response to a request for production of documents does not in and of itself establish any substantive fact. Stated differently, the existence or non-existence of a document is not probative of any fact (other than the existence of a particular document). What Best appears to be doing is improperly converting its document request into a request for admission. There is simply no legal basis for Best's request that certain facts be taken as established because of what Best believes to be a failure to produce documents.

Moreover, as the Court is aware, Best previously moved to compel production of documents, claiming that Regis' response to its requests were inadequate, and the Court granted that motion. Until briefing on that motion and related correspondence, the vague and overbroad manner in which Best's requests had been worded had left Regis unclear as to what it was that

6

Best was really seeking. As it turns out, much of what Best sought had already been produced in connection with Regis' initial disclosures and in Regis' first document production. Careful review of the documents that were provided months ago would have revealed to Best the information it now seeks. Furthermore, a second document production is now being made. A true and correct copy of Plaintiff's Amended Response to Defendant's Second Demand for Production of Documents and Plaintiff's Amended Response to Defendant's Third Demand for Production of Documents is attached as Exhibits A and B, respectively. Thus, there is no need at all for any sanction. Regis has produced that which it has.

The sanction Best seeks is not narrowly tailored to address its concern, which appears to be that certain documents apparently do not exist. Best's extreme sanction should be denied.

### III. CONCLUSION

For all the foregoing reasons, the Court should not issue an Order for any sanction against Regis. Regis should be permitted to produce an expert report within 10 days.

Respectfully submitted:
**HAINES & ASSOCIATES**

_/s/ Clifford E. Haines_
CLIFFORD E. HAINES (PA 09882)
KATHLEEN A. MILSARK (PA 30995)
DANIELLE M. WEISS (PA 201067)
1835 Market Street
Suite 2420
Philadelphia, PA 19103
(t) (215) 246-2200
(f) (215) 246-2211
_Attorneys for Regis Insurance Company_

Date: June 27, 2011

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REGIS INSURANCE COMPANY,       :

                              :      C.A. No.: 10-3171

              *Plaintiff,*       :

      vs.                    :

                              :

A.M. BEST COMPANY, INC.,        :

                              :

             *Defendant.*    :

**PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S
SECOND DEMAND FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Regis Insurance

Company hereby responds to Defendant's Third Demand for Documents to Plaintiff as follows:

**GENERAL OBJECTIONS**

1.    Plaintiff objects to the instructions contained in Defendant's requests to the extent

they exceed the requirements of the Federal Rules of Civil Procedure.  Plaintiff is responding in

accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    Plaintiff objects to each of Defendant's requests to the extent they require the

production of publicly available information, documents, records or publications.

3.    Plaintiff objects to each of Defendant's requests to the extent they require

production of documents that are equally available to Defendants and/or that are already in

Defendant's possession, custody, or control or control of a third party to whom Defendant has an

equal or superior right of access.

4.    Plaintiff objects to each of Defendant's requests as overly broad, unduly

burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible

evidence to the extent they seek documents and information not related in any way to the

allegations and conduct at issue in the lawsuit.

5.      Plaintiff objects to each of Defendant's requests to the extent that they seek or could be read to seek discovery of privileged documents, including documents protected by the attorney-client privilege, work-product and common-interest doctrines.  Any inadvertent production of privileged material should not be construed as a waiver.

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows:

### RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

1.      Any judicial opinions and Orders reversing the findings of the United States District Court for the Eastern District of Pennsylvania in In re Richard A. DiLoreto, No. 04-CV-1326, 2006 WL 2974156 (E.D. Pa. Oct. 13, 2006).

**RESPONSE:** Objection.  Plaintiff objects to this request on the grounds that it is unduly burdensome.  Additionally, plaintiff objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence.  The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis. In any event, this request calls for the production of documents that are a matter of public record. The documents requested are equally available to the defendant as to plaintiff. Subject to and without waiver of any objection, all non-privileged, non-work product documents responsive to this request have been or will be produced.

2.      Any written agreements between Regis Insurance Company ("Regis") and Tiber Holding Corporation ("Tiber").

2

**RESPONSE:** Objection. This request is vague, ambiguous, overbroad and unduly burdensome as it is unlimited as to scope and subject matter. Subject to and without waiving any objection, Regis is unaware of the existence of any document responsive to this request.

3.      Any correspondence from the New York State Insurance Department, Superintendent of Insurance, or Liquidation Bureau since October 13, 2006, on account of judgments against Tiber to Richard A. Di Loreto, Tiber, or Regis, or their attorneys or other representatives.

**RESPONSE:** Objection. This request is vague, ambiguous, overbroad and unduly burdensome. It is impossible to ascertain whether correspondence was sent directly to an "attorney or other representative" of Mr. Di Loreto, Tiber or Regis that may not have been copied as well to Mr. Di Loreto, Tiber or Regis. Furthermore, this request is not limited in scope or subject matter and it is impossible to determine what is meant by "on account of judgments." Subject to and without waiver of any objection, all non-privileged, non-work product documents responsive to this request have been or will be produced.

4.      Any note or other document evidencing Sondam's obligation of approximately $4.5 million due on or about December 31, 2012.

**RESPONSE:** Objection. Plaintiff objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence. The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis. Furthermore, this request is overbroad and unduly burdensome as it is not limited in scope. Subject to and without waiving any objection, after reasonable search, Regis is unable to locate any document responsive to this request.

5.      Any notes, memoranda or reports prepared by Richard A. Di Loreto relating to a conversation with Gerard Altonji on December 4, 2009.

**RESPONSE:** Objection.  Plaintiff objects to this request to the extent it may request production of documents that are protected by the attorney-client privilege and or work-product doctrine. Subject to and without waiving any objections, all non-privileged, non work-product documents responsive to this request have been or will be produced.

6.      Any documents recording personal visits, telephone calls, or correspondence with producers by Richard A. Di Loreto after A.M. Best's announcement of its rating of Regis on January 12, 2010.

**RESPONSE:** Objection.  This request is overbroad and unduly burdensome.  Subject to and without waiving any objection, all non-privileged, non work-product documents responsive to this request have been or will be produced.

7.      A copy of the notice or any other written communications sent by Regis to producers regarding errors and omission insurance coverage obtained by Regis after A.M. Best's announcement of its rating of Regis on January 12, 2010.

**RESPONSE:** Objection.  This request as it is overbroad and unduly burdensome.  Subject to and without waiving any objection, all non-privileged, non work-product documents responsive to this request have been or will be produced.

8.      Any documents identifying the finance companies contacted by Regis after A.M. Best's announcement of its rating of Regis on January 12, 2010, the date of contact, as well as any documents describing the contact.

**RESPONSE:** Objection.  This request is vague, ambiguous and unduly burdensome.  It is unknown what is meant by "finance companies."  Plaintiff is unable to respond to this request

4

without further definition of that term.  Subject to and without waiver of any objection, after a reasonable search, Regis is not in possession of any written document responsive to this request.

9.      Any correspondence between Regis and finance companies after A.M. Best's announcement of its rating of Regis on January 12, 2010.

**RESPONSE:** Objection.  This request is vague, ambiguous and unduly burdensome.  It is unknown what is meant by "finance companies."  Plaintiff is unable to respond to this request without further definition of that term.  Subject to and without waiver of any objection, after a reasonable search, Regis is not in possession of any written document responsive to this request.

10.     Documents identifying the annual renewal rates for Regis' policyholders from January 1, 2005 through December 31, 2010.

**RESPONSE:** Objection.  This request is overbroad and unduly burdensome.  Subject to and without waiving any objection, all non-privileged, non work-product documents that are responsive to this request have been or will be produced.  By way of further response, Regis does not maintain any chart or other compilation of such information in the ordinary course of its business.  This information is tracked on an annual basis and is recorded in its annual statement. A copy of Regis' annual statement is provided each year to Best in connection with the ratings process.

11.     Documents identifying the number of policies written by Regis each year from January 1, 2005 through December 31, 2010, and the amount of premiums for the new policies on an annual basis.

**RESPONSE:** Objection.  This request is overbroad and unduly burdensome.  Subject to and without waiving any objection, all non-privileged, non work-product documents that are responsive to this request have been or will be produced.  By way of further response, Regis does not maintain any chart or other compilation of such information in the ordinary course of its business.  This information is tracked on an annual basis and is recorded in its annual statement.

A copy of Regis' annual statement is provided each year to Best in connection with the ratings process.

12.     Correspondence between the United States Marshals Service, New York State Insurance Department, Superintendent of Insurance, or Liquidation Bureau, or their representatives and Regis or its representatives regarding the writs of execution "returned executed by the [United States Marshals Service] upon [Regis] for [Tiber] by personal service on 4/30/03" and "served upon Barbara McDonald for [Regis] by personal service on 4/30/03" in Curiale, et al. v. Tiber Holding Corp., et al., No. 2:95-cv-05284-JD (E.D. Pa.) ("Curiale") (the "Writs").

**RESPONSE:** Objection. Plaintiff objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence. The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis. Subject to and without waiving any objection, plaintiff is unaware of the existence of any such correspondence that may be responsive to this request. Subject to and without waiving any objection, after a reasonable investigation, no documents responsive to this request were found.

13.     All pleadings on behalf of Regis or Tiber and Orders entered after service of the Writs.

**RESPONSE:** Objection. Plaintiff objects to this request on the grounds that it is unduly burdensome. Additionally, plaintiff objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence. The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis.

In any event, this request calls for the production of documents that are a matter of public record. The documents requested are equally available to the defendant as to plaintiff. Subject to and without waiver of any objection, all non-privileged, non work-product documents that are responsive to this request have been or will be produced.

14.     Documents relating to all payments or other transfers made by Regis or Tiber as a result of the execution of the Writs.

**RESPONSE:** Objection. This request as it is overbroad, vague and ambiguous and unduly burdensome. It is unknown what is meant by "other transfers." Subject to and without waiving any objection, all non-privileged, non work-product documents that are responsive to this request have been or will be produced.

Respectfully submitted:
**HAINES & ASSOCIATES**

CLIFFORD E. HAINES (PA 09882)
KATHLEEN A. MILSARK (PA 30995)
DANIELLE M. WEISS (PA 201067)
1835 Market Street
Suite 2420
Philadelphia, PA 19103
(t) (215) 246-2200
(f) (215) 246-2211
*Attorneys for Regis Insurance Company*

Date: June 27, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REGIS INSURANCE COMPANY,          :
                                  :       C.A. No.: 10-3171
    *Plaintiff,*                    :
    vs.                           :
                                  :
A.M. BEST COMPANY, INC.,          :
                                  :
    *Defendant.*                   :

## CERTIFICATE OF SERVICE

I, Danielle M. Weiss, Esquire, hereby certify that on this 27th day of June, 2011, a true and correct copy of the foregoing *Plaintiff's Amended Responses & Objections to Defendants Second Demand for Production of Documents* was served via U.S. First Class Mail upon the following:

Louis E. Bricklin, Esquire
Samantha Desposito Gioffre, Esquire
Bennett Bricklin & Saltzburg, LLC
1601 Market Street
16th Floor
Philadelphia, PA 19103-2393

Michael K. Furey, Esquire
Stephanie Wolfe, Esquire
Riker Danzig
One Speedwell Avenue
Morristown, NJ 07962

_____
DANIELLE M. WEISS

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGIS INSURANCE COMPANY,       :

                                  :      C.A. No.: 10-3171

               *Plaintiff,*        :

        vs.                 :

                                    :

A.M. BEST COMPANY, INC.,        :

                                    :

             *Defendant.*      :

### PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD DEMAND FOR PRODUCTION OF DOCUMENTS

      Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Regis Insurance Company hereby responds to Defendant's Third Demand for Documents to Plaintiff as follows:

### GENERAL OBJECTIONS

      1.     Plaintiff objects to the instructions contained in Defendant's requests to the extent they exceed the requirements of the Federal Rules of Civil Procedure.  Plaintiff is responding in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

      2.     Plaintiff objects to each of Defendant's requests to the extent they require the production of publicly available information, documents, records or publications.

      3.     Plaintiff objects to each of Defendant's requests to the extent they require production of documents that are equally available to Defendants and/or that are already in Defendant's possession, custody, or control or control of a third party to whom Defendant has an equal or superior right of access.

      4.     Plaintiff objects to each of Defendant's requests as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek documents and information not related in any way to the allegations and conduct at issue in the lawsuit.

5.      Plaintiff objects to each of Defendant's requests to the extent that they seek or could be read to seek discovery of privileged documents, including documents protected by the attorney-client privilege, work-product and common-interest doctrines.  Any inadvertent production of privileged material should not be construed as a waiver.

Subject to and without waiver of any of the foregoing objections, Plaintiff responds as follows:

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

1.      All invoices for legal services performed on behalf of Tiber Holding Corporation ("Tiber") for which Regis Insurance Company ("Regis") has paid, in whole or in part, from January 1, 2006 through the present.

**RESPONSE:** Objection.  The requested documents contain information that is subject to the attorney-client privilege and/or work-product doctrine.  Furthermore, this request is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence. The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis. Subject to and without waiving any objection, the "bottom line" figure for legal services provided is recorded both in Tiber's audited financial statement and in Regis' annual statements.  The documents have already been produced.

2.      All invoices for accounting services performed on behalf of Tiber for which Regis has paid, in whole or in part, from 2006 through the present.

**RESPONSE:** Objection.  This request is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence. The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings

analysis.  Subject to and without waiving any objection, the "bottom line" figure for legal services provided is recorded both in Tiber's audited financial statement and in Regis' annual statements.  The documents have already been produced.

3.      All invoices for any other services performed on behalf of Tiber for which Regis has paid, in whole or in part, from January 1, 2006 through the present.

**RESPONSE:** Objection.  Plaintiff objects to this request on the grounds that it is vague, overbroad and unduly burdensome.  It is unknown what is meant by "any other services." Additionally, this request is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence. The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis. Subject to and without waiving any objection, the "bottom line" figure for legal services provided is recorded both in Tiber's audited financial statement and in Regis' annual statements. The documents have already been produced.

4.      Documents identifying monies paid by Regis for professional services rendered by Richard Di Loreto for Regis from January 1, 2006 through the present, including those billed by five corporations set up by Mr. Di Loreto or on his behalf to bill for his services.

**RESPONSE:**   Objection.  Plaintiff objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence.  The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis. Subject to and without waiving any objection, the total amount of money paid for professional services is recorded in Regis' annual statement each year.  Regis' annual statement is provided to Best each year.  Best is already in possession of this information.

5.       Documents identifying monies paid by Regis for services rendered by Richard Di Loreto for Regis from January 1, 2006 through the present, including those billed by five corporations set up by Mr. Di Loreto or on his behalf to bill for his services.

**RESPONSE:** Objection.  See response to request number 4.  (This request is duplicative). Subject to and without waiving any objection, the total amount of money paid for professional services is recorded in Regis' annual statement each year.  Regis' annual statement is provided to Best each year.  Best is already in possession of this information.

6.       Documents identifying monies paid by Regis for professional services rendered by Jeanne Di Loreto for Regis from January 1, 2006 through the present, including those billed by five corporations set up by Mr. Di Loreto or on his behalf to bill for her services.

**RESPONSE:** Plaintiff objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence.  The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis.  Subject to and without waiving any objection, the total amount of money paid for professional services is recorded in Regis' annual statement each year.  Regis' annual statement is provided to Best each year.  Best is already in possession of this information.

7.       Documents identifying monies paid by Regis for services rendered by Jeanne Di Loreto for Regis from January 1, 2006 through the present, including those billed by five corporations set up by Mr. Di Loreto or on his behalf to bill for her services.

**RESPONSE:** See response to request number 6.  (This request is duplicative).  Subject to and without waiving any objection, the total amount of money paid for professional services is

4

recorded in Regis' annual statement each year. Regis' annual statement is provided to Best each year. Best is already in possession of this information.

8.     Documents identifying the date of any Regis contribution(s) to the Di Loreto Foundation in 2009 and a copy of any check issued by Regis to the Di Loreto Foundation in 2009.

**RESPONSE:** Objection. Plaintiff objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to seek the discovery of admissible evidence. The issue in this case is whether a judgment against Tiber that effectively renders it insolvent adversely affects the financial strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis. Subject to and without waiving any objection, Regis' charitable contributions are recorded in its annual statement. Regis' annual statement is provided to Best each year. Best is already in possession of this information.

9.     Regis' Annual Statement for the years 2000 through 2008.

**RESPONSE:** Objection. Plaintiff objects to this request on the grounds that it is unduly burdensome. The documents requested were submitted to A.M. Best in connection with A.M. Best's ratings procedure for Regis in each of those years. Furthermore, Regis' annual statement is filed each year with the Pennsylvania Department of Insurance and is made a public record. The documents requested are equally available to the defendant as to plaintiff. Subject to and without waiving any objection, all non-privileged, non-work product documents responsive to this request have been or will be produced.

10.    Any work product or journal entries prepared by Earl Helstrom memorializing Regis' write-off of a $950,000 legal expense incurred by Tiber.

**RESPONSE:** Regis does not have possession or control over the requested documents.

11.     Any documentary confirmation that memorandum from Earl Helstrom to Richard

Di Loreto, dated December 14, 2009, was forwarded to Marc Liebowitz of A.M. Best.

**RESPONSE:** Regis does not have possession or control over the requested documents.


12.     A copy of any Complaint or Amended Complaint in any action in which Regis

and/or Tiber was a party adverse to Michael Di Loreto and/or Andrew Di Loreto.

**RESPONSE:** Objection.  Plaintiff objects to this request on the grounds that it is unduly

burdensome.  Additionally, plaintiff objects to this request on the grounds that it seeks

information that is neither relevant to the subject matter of the litigation nor reasonably

calculated to seek the discovery of admissible evidence.  The issue in this case is whether a

judgment against Tiber that effectively renders it insolvent adversely affects the financial

strength of Regis to the level consistent with a downgrade in A.M. Best's ratings analysis.

In any event, this request calls for the production of documents that are a matter of public record.

The documents requested are equally available to the defendant as to plaintiff.  Subject to and

without waiving any objection, Regis does not maintain copies of these documents in the

ordinary course of its business in its offices.  Regis' attorneys or former attorneys may have

copies.

13.     Earl Helstrom's calendar entries from November 2009 through January 12, 2010,

as they relate to Regis.

**RESPONSE:** Regis does not have possession or control over Mr. Helstrom's calendar.

Respectfully submitted:
**HAINES & ASSOCIATES**

CLIFFORD E. HAINES (PA 09882)
KATHLEEN A. MILSARK (PA 30995)
DANIELLE M. WEISS (PA 201067)
1835 Market Street
Suite 2420
Philadelphia, PA 19103
(t) (215) 246-2200
(f) (215) 246-2211
*Attorneys for Regis Insurance Company*

Date:  June 27, 2011

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REGIS INSURANCE COMPANY,        :

                                     :     C.A. No.: 10-3171

             *Plaintiff,*         :

    vs.                           :

                                     :

A.M. BEST COMPANY, INC.,       :

                                     :

          *Defendant.*       :

## CERTIFICATE OF SERVICE

    I, Danielle M. Weiss, Esquire, hereby certify that on this 27th day of June, 2011, a true and correct copy of the foregoing *Plaintiff's Amended Responses & Objections to Defendants Third Demand for Production of Documents* was served via U.S. First Class Mail upon the following:

Louis E. Bricklin, Esquire
Samantha Desposito Gioffre, Esquire
Bennett Bricklin & Saltzburg, LLC
1601 Market Street
16th Floor
Philadelphia, PA  19103-2393


Michael K. Furey, Esquire
Stephanie Wolfe, Esquire
Riker Danzig
One Speedwell Avenue
Morristown, NJ  07962

                                                     _____
                                                     DANIELLE M. WEISS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REGIS INSURANCE COMPANY,       :

                           :     C.A. No.: 10-3171

          *Plaintiff,*     :

      vs.                     :

                           :

A.M. BEST COMPANY, INC.,      :

                           :

         *Defendant.*     :

## CERTIFICATE OF SERVICE

I, Danielle M. Weiss, Esquire hereby certify that I have caused this document to be filed electronically on this day.  It is available for reviewing and downloading from the ECF System, and will be served electronically on all counsel.

                        /s/ Danielle M. Weiss
                        DANIELLE M. WEISS  (PA 201067)
                        Email: dweiss@haines-law.com
                        Haines & Associates
                        1835 Market Street - Suite 2420
                        Philadelphia, PA 19103
                        Telephone: 215-246-2200
                        Fax:   215-246-2211
                        *Attorney for Plaintiff*

Date:   June 27, 2011