IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**REGIS INSURANCE COMPANY,**
        **Plaintiff,**                                  CIVIL ACTION

     v.                                          NO. 10-3171

**A.M. BEST COMPANY, INC.,**
        **Defendant.**

MEMORANDUM

**Tucker, J.**                                                                 February ___, 2012

      Presently before the Court is the three-part Motion of Defendant ("the Motion"), filed on June 13, 2011 requesting that this Court: (1) preclude Plaintiff from introducing testimony related to a May 3, 2011 *ex parte* meeting; (2) preclude Plaintiff from producing expert testimony; and (3) direct that certain facts be taken as established in this action. (Doc. 30.) For the reasons stated below, this Court GRANTS the Motion with respect to part 1, but DENIES parts 2 and 3.

## I. BACKGROUND

      This case arises over what Plaintiff Regis Insurance Company ("Plaintiff" or "Regis") alleges was an unfounded rating downgrade by Defendant A.M. Best, Inc. ("Defendant" or "A.M. Best."). Defendant has been in the business of rating insurance companies for over 100 years and is described by Plaintiff as the "bellwether of insurance company analysis." (Compl.) Thus, "an insurer will rise or fall on its Best rating." (Compl.)

In January 2010, Defendant downgraded Plaintiff's rating from a B+ to a B-, and its outlook from "stable" to "negative," primarily due to an outstanding consent judgment entered against Plaintiff's parent company, Tiber holding Corporation ("Tiber"), in excess of $25 million. (Compl.) The 2010 rating was the first time Defendant considered the financial condition of Tiber in connection with its rating of Regis. (Compl.) Plaintiff argues that the consent judgment against Tiber should not have been considered in its rating as the judgment has existed for over ten years and cannot be used to attach any of Regis' assets and thus has no effect on Regis' financial condition. Plaintiff further submits that the rating downgrade has caused over $400,000 in lost business in less than six months, which is approximately 20% of its gross written premium for a similar period of time in 2009. (Compl.)

The instant action was initiated with the filing of the Complaint on June 30, 2010. The Complaint alleges five counts: (1) tortious interference with contractual relations; (2) tortious interference with prospective contractual relations; (3) commercial disparagement; (4) libel; and (5) seeks a declaratory judgment. On January 18, 2011 this Court entered a Revised Scheduling Order, setting a deadline of March 15, 2011 for Plaintiff's expert report. On February 24, 2011, at Plaintiff's request and with Defendant's consent, this Court again entered a Revised Scheduling Order, setting a deadline of May 2, 2011 for Plaintiff's expert report, which has yet to be produced.

On May 16, 2011 this Court granted Defendant's Motion to Compel the Production of Documents. (Doc. 29.) Plaintiff was ordered to "provide to Defendant all available, requested documents" within ten (10) days and to "provide a detailed account to Defendant concerning any items that it is unable to produce." (Doc. 29.) On June 27, 2011, Plaintiff filed its Amended

Responses and Objections to Defendant's Second Demand for Production of Documents.  Also relevant to this litigation is that on May 3, 2011 counsel for Plaintiff, Clifford Haines, Esq.—after agreeing with counsel for Defendant, Michael K. Furey, Esq., that neither party would be represented by counsel at any future rerating meetings of Regis—attended and participated in such a meeting without notifying counsel for Defendant.  (Doc. 30-1, ¶¶ 3, 4; Doc. 30-2, ¶¶ 6-7, 9.)  Each of Defendant's three motions presently before the Court is discussed in turn.

## II.  DISCUSSION

**Motion to Preclude Testimony from the May 3, 2011 *Ex Parte* Meeting**

In January 2011, during the deposition of one of Defendant's employees, counsel for Plaintiff and counsel for Defendant agreed that they would take no part in any rating meeting or other aspect of Regis' rerating process.  (Doc. 30-1, ¶ 3.)  As part of the rerating process, on May 3, 2011 representatives of Plaintiff met with representatives of Defendant.  (Doc. 30-1, ¶ 4.)  Plaintiff's counsel—without informing Defendant's counsel—attended and took notes at the two-hour meeting.  (Doc. 30-1, ¶ 4; Doc. 30-2, ¶¶ 6-7.)  Defendant's employees attended without the benefit of counsel and were not informed that they were entitled to counsel.  (Doc. 30-2, ¶¶ 6-7, 9.)  Defendant has filed a Motion to Preclude Plaintiff from introducing testimony from the May 3, 2011 meeting.

Under the Pennsylvania Rules of Professional Conduct, a lawyer "shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law or the court to do so." 42 PA. RULES OF PROF'L CONDUCT R. 4.2  The purpose

of this rule is to forbid *ex parte* communications with employees whose statements could be used to "impute liability to the company." See McCarthy v. Southeastern Pennsylvania Transp. Auth., 772 A.2d 987, 993 (Pa. Super 2001). Under the Federal Rules of Evidence, such statements could otherwise be introduced into the litigation as admissions. See FED. R. EVID. 801(d)(2)(D).

To give Rule 4.2 teeth, the proper remedy is to preclude such testimony. See University Patents, Inc. v. Kligman, 737 F. Supp. 325, 329-30 (E.D. Pa. 1990). Otherwise, the rule is without remedy. Accordingly, this Court will grant Defendant's Motion to Preclude Plaintiff from introducing any testimony relating to, and all information obtained from, the May 3, 2011 *ex parte* meeting where Defendant's employees were without the benefit of counsel. Plaintiff's concern that such a ruling is essentially an order for sanctions is noted, but should be assuaged by the non-precedential nature of this order; this court makes no comment as to the culpability *vel non* of Plaintiff's counsel and does not suggest that counsel acted with bad faith. Thus, this order is without prejudice as to any ethical proceedings.

Plaintiff further argues that preclusion is unnecessary because Plaintiff does not intend to introduce any information obtained from the May 3, 2011 meeting into evidence. But if Plaintiff does not intend to introduce this into evidence, Plaintiff sustains no injury from this ruling while both the purpose of Rule 4.2 and mutual understanding between the parties as this litigation proceeds forward are furthered by preclusion. Accordingly, this Court grants Defendant's Motion to Preclude Plaintiff from introducing any testimony relating to, and all information obtained from, the May 3, 2011 meeting.

**Motion to Preclude Expert Testimony**

On January 18, 2011 this Court entered a Revised Scheduling Order, setting a deadline of March 15, 2011 for Plaintiff's expert report. On February 24, 2011, at Plaintiff's request and with Defendant's consent, this Court again entered a Revised Scheduling Order, setting a deadline of May 2, 2011 for Plaintiff's expert report. The Court has learned from Plaintiff in its latest filing that Plaintiff's expert report has been produced. (Doc. 41). Defendant moves to preclude Plaintiff from introducing expert testimony. Defendant argues that in light of Plaintiff's failure meet the scheduling deadline and Defendant's intention to file a motion for summary judgment, this Court should preclude Plaintiff from producing an expert report. This Court does not agree.

The Third Circuit has outlined four factors to consider in determining whether expert testimony should be excluded: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and (4) bad faith or willfulness in failing to comply with the district court's order. Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977). A consideration of these factors leads this Court to conclude that Plaintiff's production of its expert report was appropriate, was not prejudicial to Defendant, and should not be precluded. It came as no surprise to Defendant that Plaintiff intended to produce an expert report, despite the fact that such report was produced after the specified due dates. Further, there did not appear to be bad faith on the part of Plaintiff in its delay; instead, Plaintiff submitted that its delay was due to its intention to allow its expert to review a deposition—not yet taken—which the parties agreed would be taken outside of the

5

discovery deadline.  Any potential prejudice to Defendant was cured by Plaintiff's submission of the expert report.  In addition, Defendant is not prejudiced as Defendant has an opportunity to respond to the expert report submitted by Plaintiff.  Thus, Defendant's motion to preclude shall be denied.

**Motion to Take Certain Facts as Established**

On May 16, 2011 this Court granted Defendant's Motion to Compel the Production of Documents.  (Doc. 29.)  Plaintiff was ordered to "provide to Defendant all available, requested documents" within ten (10) days and to "provide a detailed account to Defendant concerning any items that it is unable to produce."  (Doc. 29.)  Now, Defendant moves for discovery sanctions based on Plaintiff's failure to produce certain documents, requesting that this Court take certain facts as established.  See FED. R. CIV. P. 37(b)(2)(A)(i).  This request will not be granted because on June 27, 2011—subsequent to the filing of Defendant's Motion—Plaintiff filed its Amended Responses and Objections to Defendant's Second Demand for Production of Documents, which (albeit tardy) sufficiently fulfilled the mandates of the Court's May 16, 2011 Order.  (Doc. 33.)  Thus, sanctions are inappropriate and unnecessary.

"The decision to impose sanctions for discovery violations, as well as any determination as to what sanctions are appropriate, are matters generally entrusted to the discretion of the district court."  Barbee v. SEPTA, 323 Fed. Appx. 159, 162 (3d Cir. 2009) (citing Bowers v. NCAA, 475 F.3d 524, 538 (3d Cir. 2007)).  The court "should avail itself of its inherent sanctioning power only when absolutely necessary."  Klein v. Stahl GMBH & Co., 185 F.3d 98, 109 (3d Cir. 1999).  The Court's discretion should be guided by "the basic tenet that sanctions should always be narrowly tailored to meet the misconduct, and should entail no greater

punishment than is reasonably necessary to address the specific wrongdoing that confronts the court." Bartos v. Pennsylvania, 2010 U.S. Dist. LEXIS 43937 at *15 (M.D. Pa. 2010) (citing Klein, 185 F.3d 98 (3d. Cir. 1999)).

This Court does not find that the sanctions Defendant requests—that is, having the Court take certain facts as established—to be narrowly tailored to remedy the present dispute.  While sanctions of this sort might be appropriate where one party willfully and flagrantly refused to respond to interrogatories or requests for admissions, they are not appropriate here; in seeking these sanctions, Defendant essentially asks the Court to convert a request for the production of documents into a request for an admission.  Such a remedy is not narrowly tailored and is not necessary because Plaintiff's June 27, 2011 filing sufficiently fulfilled the mandate of this Court's May 16, 2011 Order.  Moreover, if either party has any future document production issues, the Court strongly urges the parties to contact the Court directly so that a conference before the Court may be scheduled to move along discovery and allow this case to come a resolution on the merits.

An appropriate order follows.

                                                 **BY THE COURT:**

                                                 **/s/ Petrese B. Tucker**

                                                 _____

                                               **Hon. Petrese B. Tucker, U.S.D.J.**