IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGIS INSURANCE COMPANY,** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 10-3171 |
| **A.M. BEST COMPANY, INC.,** | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this ___ of February, 2012, upon consideration of Defendant's Motion to Preclude (Doc. 30), Plaintiff's Response (Doc. 33), and Defendant's Reply thereto (Docs. 38, 39, 40), **IT IS HEREBY ORDERED** that Defendant's motions are **GRANTED IN PART, AND DENIED IN PART**[1]**,** as follows:

1. Defendant's Motion to Preclude Plaintiff from introducing any testimony relating to, and all information obtained from, the May 3, 2011 ex parte meeting (Doc. 30) is **GRANTED.**

2. Defendant's Motion to Preclude Defendant from producing expert testimony (Doc. 30) is **DENIED.**

3. Defendant's Motion to direct that certain facts be taken as established in this action (Doc. 30) is **DENIED.**

4. Defendant's requests to: (1) bar Plaintiff from introducing certain documents as outlined in Exhibit 1 of Doc. 39; (2) require Plaintiff to produce the letter, dated January 23, 2001, referenced in William F. Sotigan's February 20, 2001 letter (RIC002158-2159), or provide a detailed account to Defendant if it is unable to do

---

[1] This Order accompanies this Court's memorandum, dated February 1, 2012.

so; and (3) require Plaintiff to produce a privilege log reflecting all designations of attorney-client privilege, work product doctrine, or any other privilege Plaintiff claims (Doc. 38) are **GRANTED.**  Plaintiff, if it has not done so already, shall provide the aforementioned items to Defendant within ten (10) calendar days of the date of entry of this Order.[2]

**IT IS FURTHER ORDERED**, upon consideration of Plaintiff's unopposed Motion for Accelerated Disposition (Doc. 41) is **DENIED AS MOOT.**[3]

**IT IS FURTHER ORDERED** that the parties shall proceed to file dispositive motions thirty (30) calendar days from the date of entry of the present Order, as set forth in this Court's previous Order (Doc. 36), or contact the Court via letter concerning any issues that may prevent the parties with complying with this Court's Order (Doc. 36).  Upon the resolution of dispositive motions, the Court shall set a new trial date for this matter.

**BY THE COURT:**

**/s/ Petrese B. Tucker**
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[2] The Court notes that Plaintiff views discovery as complete (Doc. 41).  The Court, however, urges the parties to contact the Court directly if there remain any outstanding discovery issues after the issuance of this Order, in the interest of moving this matter toward final resolution.

[3] This Order and the Court's accompanying memorandum addresses the issues for which Plaintiff requests an accelerated disposition by the Court, and thus the motion shall be denied as moot.